# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| RANDALL SCHUTZ, | * | No. 21-1103V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: November 15, 2023 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Steven K Jambois, Kralovec, Jambois and Schwartz, Chicago, IL, for petitioner;
Debra A. Filteau Begley, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Mr. Randall Schutz sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Mr. Schutz, however, has not presented sufficient evidence to be entitled to compensation. Because Mr. Schutz has not met his burden of proof, his case is DISMISSED.

### I.  Procedural History

On March 23, 2021, Mr. Schutz filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 et seq., alleging that he developed "increased neuropathy" and "possible ASIA syndrome" as a result of the tetanus, diphtheria, acellular pertussis ("Tdap") vaccine he received on March 27, 2018. See Petition. Mr. Schutz filed medical records, as

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted in the website.

required by 42 U.S.C. § 300aa-11(c), and he submitted a statement of completion on November 11, 2022.

The Secretary filed his Rule 4(c) Report on February 27, 2023. The Secretary argued that Mr. Schutz was not entitled to compensation, as "ASIA is not a defined and recognized injury, and no ASIA case has been successful in the Vaccine Program." Resp't's Rep. at 13. Further, although the medical records documented that Mr. Schutz suffered from peripheral neuropathy both prior to and after his Tdap vaccination, the Secretary argued that there was no reliable evidence that he suffered any change in his condition following vaccination. Id. at 14. The Secretary noted that Mr. Schutz had not offered an expert report addressing causation, and no medical provider stated that he suffered an aggravation of his peripheral neuropathy caused by the Tdap vaccination. Id. at 15. The Secretary also identified several missing medical records, and asked that Mr. Schutz be ordered to collect and file the records. See id., footnotes 1-7.

A status conference was held on March 6, 2023. The parties discussed obstacles in the case and the need to obtain additional medical records. See Order, issued Mar. 6, 2023. Mr. Schutz was ordered to file a status report by May 5, 2023 discussing his intent to continue with the case and his progress in obtaining the medical records. Id. After Mr. Schutz missed this deadline, he was ordered to file a status report by May 22. Order, issued May 9, 2023.

On May 22, 2023, Mr. Schutz requested 30 days to make a decision regarding the future of his claim. Mr. Schutz filed a status report on June 22, 2023, stating that he and counsel continued to discuss potential issues and the likelihood of success, and requesting an additional 14 days to make a decision. Accordingly, Mr. Schutz was given until July 7, 2023 to provide an update. Order, issued June 23, 2023. The undersigned reminded Mr. Schutz that if he did not file a motion to dismiss, then he would be ordered to prosecute the case by obtaining medical records and (eventually) an expert report. Id.

Mr. Schutz did not file anything by the deadline, and was subsequently ordered to file his medical records, or a status report advising on his progress in obtaining the records, by September 1, 2023. Order, issued July 17, 2023. Mr. Schutz failed to file his medical records of a status report. An order to show cause was then issued on October 2, 2023, requiring Mr. Schutz to submit a response by November 3, 2023 as to why his case should not be dismissed. To date, Mr. Schutz has not filed any response.

II.     Analysis

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that he suffered a "Table Injury"— i.e., an injury falling within the Vaccine Injury Table— corresponding to one of his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa-11(c)(1). An examination of the record did not uncover any evidence that Mr. Schutz suffered a "Table Injury." Thus, Mr. Schutz is necessarily

pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support.

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute their cases, the Court may dismiss their case. Padmanabhan v. Sec'y of Health & Human Servs., 638 Fed. App'x 1013 (Fed. Cir. 2016); Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, Mr. Schutz was ordered on several occasions to file medical records but failed to do so. He gave no indication that he was working to obtain his records. When Mr. Schutz was ordered to respond to the October 2, 2023 order to show cause by November 3, 2023 as to why his case should not be dismissed, he failed to file a response. Consequently, Mr. Schutz's case is dismissed for failure to present evidence, not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master